IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03441-BNB

DAVID NEAL,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, David Neal, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado.  Mr. Neal, initiated this action by filing *pro se* a pleading challenging the validity of his conviction and sentence pursuant to 28 U.S.C. § 2241.  On January 7, 2014, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Mr. Neal to respond and show cause why the Application should not be denied because Mr. Neal has an adequate and effective remedy in the sentencing court.  Mr. Neal submitted a Response on February 6, 2014.

The Court must construe the Application and Response liberally because Mr. Neal is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

Mr. Neal pled guilty to one count of possession of one or more matters containing visual depictions fo minors engaged in sexually explicit conduct pursuant to 18 U.S.C. § 2252(a)(4)(B). *United States v. Neal*, No. 10-cr-00158-GEB-DAD, ECF No. 18 (E.D. Cal. Apr. 14, 2011). He was sentenced to eighty-four months of imprisonment and supervised release for life. *Id.* at ECF No. 29. Mr. Neal filed his first 28 U.S.C. § 2255 motion on November 23, 2011, along with a motion for appointment of counsel. *Id.* at ECF Nos. 32 and 33. The court denied the request for appointment of counsel and directed Mr. Neal to resubmit his claims to the court on a proper court form. *Id.* at ECF No. 35. Mr. Neal submitted a motion to reconsider the court's order denying counsel and asked for an extension of time, *id.* at ECF No. 36, the court granted an extension of time to amend but denied reconsideration of the denial of counsel, ECF No. 38.

On March 1, 2012, Mr. Neal filed the § 2255 motion on a court form, *id.* at ECF No. 39, and the court directed the government to respond within sixty days, ECF No. 40; he also filed a motion for leave to amend the § 2255 motion, on June 11, 2012, claiming discovery of new evidence, *id.* at ECF No. 44. The court then entered two separate orders. The first order directed the government to file a response to Mr. Neal's first amended complaint, filed on March 1, within ten days, and to show cause why sanctions should not be entered for the government's failure to file a timely response to the first amended § 2255 motion. *Id.* at ECF No. 45. The government responded, *id.* at ECF No. 46, and asked for an extension of time; Mr. Neal filed a request to grant the § 2255 motion, ECF No. 47, claiming the government had defaulted.

In the second order, entered June 21, 2012, the court granted Mr. Neal's motion

to amend, denied the government's motion for an extension of time as unnecessary, and discharged the order to show cause. *Id.* at ECF No. 48. Mr. Neal filed a second request to grant the § 2255 motion on June 25, 2012, *id.* at ECF No. 49, and another motion for extension of time to file his second amended § 2255 motion, ECF No. 52. On July 30, 2012, the court granted the motion for an extension, *id.* at ECF No. 53, and Mr. Neal filed the amended § 2255 motion on August 27, 2012, ECF No. 55.

Mr. Neal filed various motions for a ruling, to expedite, to compel, and for summary judgment from August 27, 2012 through October 4, 2012. *Id.* at ECF Nos. 55, 56, 57, 58, and 59. All motions were denied. *Id.* at ECF No. 60. The government then filed a timely second motion for an extension of time on October 25, 2012. *Id.* at ECF No. 65. During this time, Mr. Neal continued to file various pleadings and motions, including an affidavit in support of the amended § 2255 motion, motion to compel, motion for reconsideration of the denial of his motion for summary judgment, a declaration for default, and a motion for default. *Id.* at ECF Nos. 63, 66, 67, 68, and 70.

When the government, failed for the second time to submit a response within the time allowed, Mr. Neal filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit, on December 3, 2012. *Id.* at ECF No. 71 (Mr. Neal petitioned for consideration of his claims on the merits, a statement that the government is in default, and immediate release.). The Ninth Circuit denied the petition on February 25, 2013, without prejudice to refile, if the district court did not order the government to respond or resolve the merits within ninety days. *Id.* at ECF No. 73. The district court entered an order on February 26, 2013, directing the government to respond within

thirty days. *Id.* at ECF No. 74.

Mr. Neal continued to file various motions and pleadings, *id.* at ECF Nos.76, 77, 80, 81, 82, 83, and 84, before, and in response to, the government's second motion for an extension of time, *id.* at ECF No. 78. The court denied Mr. Neal's various motions and granted the government's motion for a sixty-day extension of time to file a response. *Id.* at ECF No. 79. Mr. Neal filed a second petition for writ of mandamus, *id.* at ECF No. 85 (Mr. Neal sought dismissal of the indictment and default judgment.), on May 13, 2013, and the government filed a response, *id.* at ECF No. 87, on May 24, 2013. The Ninth Circuit denied the mandamus petition, *id.* at ECF No. 89, on June 17, 2013. The § 2255 is pending before the Eastern District of California. Mr. Neal continues to file various motions and pleadings in his criminal case. *Id.* at ECF Nos. 88, 90, 91, 92, 93, 94, and 95.

Mr. Neal raises three claims challenging the sentencing court's jurisdiction. He claims that the court lacks jurisdiction and that the government conceded all his claims because it failed to submit a timely response to his 28 U.S.C. § 2255 motion. Mr. Neal also contends that his claims of innocence are deemed true and correct.

> Collateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings. Motions under the federal habeas statute must be brought in the sentencing court, preferably before the sentencing judge who is most familiar with the case.

*See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986). Nonetheless, "[a] federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's]

detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

Mr. Neal bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Prost*, 636 F.3d at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Id.* at 587. Based on the reasons stated below, Mr. Neal fails to assert in either the Application or the Response that the remedy provided in § 2255 is inadequate or ineffective.

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Mr. Neal does not specifically assert any of these circumstances. Even if the Court were to construe his claims as asserting an inordinate delay, nothing Mr. Neal alleges equates to an inordinate delay.

"The statute does not prescribe a timetable for the ultimate disposition of a motion filed under section 2255." *See Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.) *cert. denied*, 382 U.S. 829 (1965). The government filed a response to the motion in

May 2013, less than a year after Mr. Neal filed his second amended motion.  Mr. Neal addressed the government's delay in responding by filing two mandamus petitions in the Ninth Circuit.  Mr. Neal, therefore, has available, and has utilized, in his § 2255 motion, an adequate and effective remedy to address any perceived delay.

Because Mr. Neal fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the Application will be dismissed for lack of statutory jurisdiction.  *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Neal files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Neal fails to assert that his remedy in the United States District Court for the Eastern District of California is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  25th  day of     March        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court